## McNab *v.* Seeberger, Collector of Customs.

*(Circuit Court, N. D. Illinois. July 18, 1889.)*

1. Customs Duties—Classification.
   Act Cong. March 3, 1883, (Heyl's Arrangement, cl. 336,) provides a customs duty on "flax or linen thread, twine, and pack thread" of 40 per cent. *ad valorem.* Clause 347 provides a duty on "seine and gilling twine" of 25 per cent. Plaintiff imported linen twine, on which he paid a duty of 40 per cent., under protest that it was "seine twine." It appeared that the goods were composed of several yarns, loosely twisted together, and known to the trade as "gill twine." They were classed as book or pamphlet twine, which is composed of single yarns, not twisted together, but of about the size and strength of one of the yarns of the twine in question. *Held,* that the goods were only subject to a duty of 25 per cent.

2. Same—Recovery of Payments—Protest.
   Plaintiff's right of recovery is not affected by the fact that his protest claimed the goods to be "seine twine," while the proof showed them to be "gilling twine," as the two terms are convertible for the purposes of the question in issue.

At Law. Action to recover customs duties.

The plaintiff, Joseph D. McNab, imported linen twine, which he claimed was subject to duty at 25 per cent. *ad valorem,* as "seine twine." The collector classed the goods as "linen thread," on which there was a duty of 40 per cent. *ad valorem.* Plaintiff paid the duty under protest, and appealed to the secretary of the treasury. The action of the collector being affirmed by the secretary, plaintiff brings this suit to recover the excess.

*P. L. Shuman,* for plaintiff.

*W. G. Ewing,* U. S. Atty., and *G. H. Harris,* Asst. U. S. Atty., for defendant.

Blodgett, J. Plaintiff imported a quantity of linen twine, which the collector classified as linen thread, and assessed a duty thereon at 40 per centum *ad valorem,* under clause 336 of Heyl's Arrangement of the act of March 3, 1883, which reads: "Flax or linen thread, twine and pack thread and all manufactures of flax, or of which flax shall be the component material of chief value, not specially enumerated or provided for in this act, 40 per centum *ad valorem.*" Plaintiff insisted that said goods should have been classed as "seine" and "gilling" twine, under clause 347 of Heyl, which reads, "Seine and gilling twine, 25 per centum *ad valorem,*" paid the duties imposed under protest, appealed to the secretary of the treasury, by whom the action of the collector was affirmed, and in apt time brought this suit to recover the excessive duties which plaintiff claims were imposed upon the goods. The goods in question are composed of several yarns, say from six to thirty, according to the strength required, which are laid together and loosely twisted, and the proof shows that these goods are known to the trade as "gill twine," or sometimes spoken of in the trade, and especially by fishermen, as "salmon twine." The use of said goods is almost exclusively that of making gill-nets for catching salmon.

Defendant claims that the goods were rightfully assessed as "twine," under clause 336, and has introduced proof tending to show that the goods in question are what is known to the trade as "book" or "pamphlet" twine, used for stitching the leaves of books and pamphlets together, and is also known as "shoe thread," used for stitching boots and shoes. I think the proof satisfactorily shows that linen thread is imported for use by book-binders, the threads being about the size and strength of the single yarns composing the twine in question; and the proof also shows that linen thread is imported for use by shoe manufacturers, and when imported for such use the threads are laid together, not twisted, and waxed when used. Clause 347 of Heyl evidently intended to specify and enumerate a kind of linen twine, or manufacture of flax, to be used for the manufacture of gill-nets and seines, which was different from the thread and twine described in and covered by clause 336, and from the proof in this case it seems to me there can be no doubt that the goods now in question are the kind of goods which are used by fishermen to make gill-nets and seines for the salmon fishery, and the intention of congress undoubtedly was to favor the fishing interest by allowing the importation of manufactured seines, and materials for seines, and gill-nets, at a lower rate of duty than was imposed upon the ordinary flax thread and twines. It was also contended in behalf of the defendant, upon argument, that the plaintiff was not entitled to recover in this case because the protest only claimed that the commodity in question was "seine twine," while the proof shows that it is "gilling twine." But I do not think that so narrow a construction should be placed upon the protest, as it is clear from the tenor of the protest that the plaintiff intended to bring the goods within the operation of clause 347 as dutiable at 25 per centum, and, whether he called it "seine twine" or "gill twine," would make no difference, as probably they are, for the purposes of this question, convertible terms.